IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARISSA HEU, | ) | CIVIL 17-00365 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WALDORF=ASTORIA MANAGEMENT | ) | |
| LLC; JOHN DOES 1-10,, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 16, 2018 ORDER OR, IN THE ALTERNATIVE, TO CERTIFY A QUESTION TO THE SUPREME COURT OF HAWAII**

On January 16, 2018, this Court issued the Order Granting in Part and Denying in Part Defendant's "Motion for Partial Judgment on the Pleadings [Emotional Distress]" ("1/16/18 Order"). [Dkt. no. 34.] On January 23, 2018, Plaintiff Marissa Heu ("Plaintiff") filed a motion seeking reconsideration of the 1/16/18 Order or, in the alternative, certification of a question to the Hawai`i Supreme Court ("Motion for Reconsideration"). [Dkt. no. 35.] Defendant Waldorf=Astoria Management LLC ("Defendant") filed its memorandum in opposition on January 31, 2018, and Plaintiff filed her reply on February 13, 2018. [Dkt. nos. 37, 38.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). On March 30, 2018, this Court issued an entering order

informing the parties of its ruling on the Motion for Reconsideration.  [Dkt. no. 46.]  The instant Order supersedes that entering order.  Plaintiff's Motion is hereby denied for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in the 1/16/18 Order, which ruled on Defendant's "Motion for Partial Judgment on the Pleadings [Emotional Distress]" ("Rule 12(c) Motion"), [filed 9/5/17 (dkt. no. 21)].  The Rule 12(c) Motion was granted insofar as this Court granted judgment as a matter of law in favor of Defendant on Plaintiff's intentional infliction of emotional distress ("IIED") claim because: the IIED claim does not relate to sexual harassment or sexual assault; and it was therefore barred by Haw. Rev. Stat. § 386-5.  The Rule 12(c) Motion was denied insofar as Plaintiff's IIED claim was dismissed without prejudice because it may be possible for Plaintiff to plead an IIED claim based on sexual harassment.  Plaintiff was given until February 27, 2018 to file a second amended complaint.  Plaintiff did not file a second amended complaint, apparently because the Motion for Reconsideration was still pending.

In the Motion for Reconsideration, Plaintiff argues reconsideration is necessary because the 1/16/18 Order is contrary to Hawai`i law and prior decisions in this district

2

court.  In the alternative, Plaintiff argues this Court should reserve ruling on the Rule 12(c) Motion, in favor of certifying a question to Hawai`i Supreme Court.

**DISCUSSION**

I. **Reconsideration**

This Court has previously stated a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).  Local Rule 60.1 states, in relevant part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."

Plaintiff argues there is a manifest error of law in the 1/16/18 Order because the analysis of her IIED claim is inconsistent with: Hawai`i law, as set forth in Hac v. University

3

of Hawai`i, 102 Hawai`i 92, 73 P.3d 46 (2003); Furukawa v. Honolulu Zoological Society, 85 Hawai`i 7, 936 P.2d 643 (1997); Bolla v. University of Hawai`i, NO. CAAP-13-000009, 2014 Haw. App. LEXIS 120 (Hawai`i Ct. App. Jan. 8, 2014); and Takaki v. Allied Machinery Corp., 87 Hawai`i 57, 951 P.2d 507 (Ct. App. 1998); this Court's decision in Hillhouse v. Hawaii Behavioral Health, LLC, Civil No. 14-00155 LEK-BMK, 2014 WL 5528239 (D. Hawai`i Oct. 31, 2014); and this district court's decisions in Lesane v. Hawaiian Airlines, 75 F. Supp. 2d 1113 (D. Hawai`i 1999), and Kahale v. ADT Automotive Services, Inc., 2 F. Supp. 2d 1295 (D. Hawai`i 1998).

First, the analysis in the 1/16/18 Order is consistent with this Court's decision in Hillhouse because Hillhouse involved allegations of sexual harassment. See Hillhouse, 2014 WL 5528239, at *3-4. Second, the remaining cases Plaintiff relies upon from the Hawai`i courts and this district court were all available to this Court when it considered the Rule 12(c) Motion. All of those cases were considered and either distinguished or rejected as contrary to the more recent statements of Hawai`i law by the Hawai`i courts, as interpreted by this district court. Plaintiff merely disagrees with the analysis in the 1/16/18 Order, and her disagreement is not grounds for reconsideration. See Davis, 2014 WL 2468348, at *3 n.4.

Because Plaintiff has not established either a manifest error of law in the 1/16/18 Order, or any other grounds for reconsideration, her request for reconsideration of the 1/16/18 Order is denied.

## II. Certification of Questions

Plaintiff argues that, if this Court does not grant reconsideration, it should certify the following question to the Hawai`i Supreme Court: "Does HRS § 386-5 bar a plaintiff suing his or her employer for discrimination in violation of HRS § 378-2 from asserting a claim for intentional infliction of emotional distress as a result of the alleged discriminatory conduct?" [Mem. in Supp. of Motion for Reconsideration at 13.]

Questions of Hawai`i law can be certified to the Hawai`i Supreme Court pursuant to Haw. R. App. P. 13(a). This Court has stated:

> "This court may certify a question to the Hawai`i Supreme Court when it concerns 'law of Hawai`i that is determinative of the cause and . . . there is no clear controlling precedent in the Hawai`i judicial decisions . . . .[']" Saiki v. LaSalle Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Trust Series 2003-BC2, Civil No. 10-00085 JMS/LEK, 2011 WL 601139, at *6 (D. Hawai`i Feb. 10, 2011) (quoting Haw. R. App. P. 13(a)). The court, however, should not certify questions when the answer is reasonably clear and the court can, using its best judgment, predict how the Hawai`i Supreme Court would decide the issue. See id. (citing Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997); Pai`Ohana v. United States, 875 F. Supp. 680, 700 (D. Haw. 1995)). . . .

5

Brown v. Porter McGuire Kiakona & Chow, LLP, CIVIL 16-00448 LEK-KJM, 2017 WL 3763843, at *13 (D. Hawai`i Aug. 30, 2017) (some citations omitted). While there may be some ambiguity in Hawai`i case law, the analysis in the 1/16/18 Order is this Court's reasonable prediction of how the Hawai`i Supreme Court would decide the issue of whether § 386-5 bars IIED claims arising from alleged employment discrimination where neither sexual harassment nor sexual assault have been alleged. Plaintiff's request to certify a question to the Hawai`i Supreme Court is therefore denied.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of the Court's January 16, 2018 Order or, in the Alternative, to Certify a Question to the Supreme Court of Hawaii, filed January 23, 2018, is HEREBY DENIED.

Plaintiff's deadline to file her second amended complaint is EXTENDED to **May 30, 2018**. Plaintiff is CAUTIONED that she is only granted leave to amend her IIED claim to address the defects identified in the 1/16/18 Order and the instant Order. If Plaintiff chooses not to file a second amended complaint by **May 30, 2018**, her IIED claim will be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 30, 2018.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARISSA HEU VS. WALDORF=ASTORIA MANAGEMENT LLC; CIVIL 17-00365 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 16, 2018 ORDER OR, IN THE ALTERNATIVE, TO CERTIFY A QUESTION TO THE SUPREME COURT OF HAWAII**